# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARK CHARRON; | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| Vs. | ) | **(Lincoln, Nebraska)** |
| | ) | |
| CITY OF NORTH PLATTE, a Nebraska Political Subdivision; Mike Swain, in his official and individual capacity, Dale Matuszczak, in his official and individual capacity, Chris McColley, in his official and individual capacity, Adam Charter, in his official and individual capacity, JOHN and JANE DOES (1-20), in his or her official and individual capacity as a North Platte Police Officer, PETERSON LODGING, INC., d/b/a SUPER 8 HOTEL in North Platte, Nebraska; JENNIFER PRIEST, individually, and as an agent of Super 8 Hotels in North Platte, Nebraska; JON BERRYMAN, individually, and as an Agent of Super 8 Hotel in North Platte, Nebraska, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, Plaintiff, MARK CHARRON, by and through his attorney, and for his cause of action states as follows:

## **INTRODUCTION**

Most everyone has had the opportunity to stay in a hotel or motel after a long day of traveling in a car. For many traveling across the United States in a car, relaxing in a seemingly reputable hotel or motel – one with national name recognition – helps ensure a safe and peaceful rest before having to travel again the following day.

Unfortunately, for Mark Charron (Charron) (and many other hotel guests), staying at the Super 8 Hotel (Super 8) in North Platte in 2017 resulted in the hotel freely handing out private information, including his name, address and vehicle information, to the North Platte Police who then launched an unfounded criminal investigation against Charron - an out of state traveler - who was merely trying to obtain a peaceful and uninterrupted night of sleep at the Super 8 in North Platte, Nebraska.

Charron wasn't the only guest of the Super 8 who was harassed.

On the same night, at least five (5) other hotel guests had their doors pounded upon by officers with the North Platte Police Department who aggressively demanded entry into the private rooms - subsequently ransacking the luggage and clothing of the guests - merely under the guise of a purported criminal investigation.

Furthermore, upon request from officers of the North Platte Police Department, the employees of Super 8 would provide police officers with private guest information such as full legal names, vehicle registration information and home addresses. The private and protected information was given without the police having provided a warrant or even particularized evidence of reasonable suspicion.

The owners and employees of Super 8 were well aware that the North Platte Police Department was using the private guest registry information to identify and single out guests based upon national origin, including guests who had out-of-state addresses. Members of the North Platte Police Department would then determine if any of the guests had outstanding warrants or criminal history involving drugs.

Based upon information and belief, members of the North Platte Police Department would arrest or detain guests after reviewing the private registry information provided by Super 8 employees.

This case is about protecting a private citizen's right to enjoy a peaceful and uninterrupted stay at a hotel in North Platte, Nebraska without concern that the North Platte Police Department will pound on their door in the middle of the night during a fabricated witch-hunt.

Super 8's actions of providing confidential information violates the Fourth and Fourteenth Amendments, particularly the Civil Rights Act of 1871 (42 U.S.C. § 1983), the Nebraska Consumer Protection Act (Neb. Rev. Stat. §59-1602 *et. seq.*), and the Commerce Clause of the United States Constitution. U.S.C.S., Art. I, § 8, Cl 3 (2018).

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution, particularly under the Fourth and Fourteenth Amendments, under federal law, particularly the Civil Rights Act of 1871 (42 U.S.C. § 1983), and the laws of the State of Nebraska. This honorable Court has jurisdiction by virtue of 28 U.S.C. §§ 1331 and 1367.

2. Venue is founded in this Court upon 28 U.S.C. § 1391 as the acts of which Plaintiffs complain arose in this district.

3. Jurisdiction to enforce the Nebraska Consumer Protection Act falls under 28 U.S.C. §1332.

4. A cause of action under the Commerce Clause is actionable through a claim filed under 42 U.S.C. § 1983. *See, Dennis v. Higgins*, 111 S. Ct. 865 (1991).

## PARTIES

5. At all relevant times, MARK CHARRON ("Charron") was a citizen of the United States of America and was, therefore, entitled to all legal and constitutional rights afforded to citizens of the United States.

6. Charron is a resident of the State of Minnesota.

7. At all relevant times, Charron was staying in the Super 8 Hotel in North Platte, Nebraska.

8. At all relevant times, Peterson Lodging, Inc. was a corporation doing business in North Platte, Nebraska as Super 8 Hotel.

9. At all relevant times, Jennifer Priest was the general manager/employee of the Super 8 Hotel in North Platte, Nebraska.

10. At all relevant times, Jon Berryman, was an employee of the Super 8 Hotel in North Platte, Nebraska.

11. Under belief, at all relevant times, Dale Matuszczak was a law enforcement officer employed by the City of North Platte, Nebraska acting under the color of state or municipal law.

12. Under belief, at all relevant times, Chris McColley was a law enforcement officer employed by the City of North Platte, Nebraska acting under the color of state or municipal law.

13. Under belief, at all relevant times, Adam Charter was a law enforcement officer employed by the City of North Platte, Nebraska acting under the color of state or municipal law.

14. At all relevant times, John Does were law enforcement officers employed by the City of North Platte, Nebraska acting under the color of state or municipal law.

15. At all relevant times, Jane Does were law enforcement officers employed by the City of North Platte, Nebraska acting under the color of state or municipal law.

16. At all relevant times, Chief Mike Swain was a law enforcement officer employed by the city of North Platte as police chief. At all relevant times, Chief Swain had the ultimate responsibility with the North Platte Police Department (NPPD) for the protection of life, preservation of law and order, investigation of all crimes and for the enforcement of the United States Constitution, Nebraska state laws, municipal ordinances, NPPD general orders, rules and regulations.

17. At all relevant times, including March 12, 2017 and for a substantial period of time prior to March 12, 2017, Chief Swain had the final policy-making authority in terms of creating, adopting, implementing and/or enforcing police policies within NPPD whether informal or formal.

## FACTUAL ALLEGATIONS

18. On March 12, 2017, Charron checked into the Super 8 Hotel in North Platte, Nebraska and stayed in room number 105.

19. After getting checked-in, Charron had a conversation with an employee of Super 8 working at the front desk, Jon Berryman. Charron and Jon Berryman conversed about the sandhill cranes, and then Charron washed his truck in the hotel parking lot.

20. At some point during the evening, the front desk employee, Jon Berryman smelled an odor that he thought "might" have been marijuana, but he wasn't certain.

21. Jon Berryman called the North Platte Police Department despite the fact that he wasn't certain the odor he smelled was, in fact, marijuana.

22. Members of the North Platte Police Department arrived at the hotel, including Defendant Officer Dale Matuszczak, Defendant Officer Chris McColley, Defendant Officer Adam Charter and/or John Does (1-5) (hereinafter, Officers from the North Platte Police Department, individually and/or collectively).

23. Officers from the North Platte Police Department requested private and protected information about the hotel guests.

24. At the specific request from Officers from the North Platte Police Department, Jon Berryman gave information to law enforcement about the "guests" staying in the hotel including, but not limited to, the first and last names of several hotels guests, the rooms in which those guests were residing, their registered vehicle information, their home addresses and any other information obtained from Super 8 during check-in.

25. At the specific request of the Officers of the North Platte Police Department, Jon Berryman gave private information about the Plaintiff, Charron, including Charron's first and last name, the room Charron was staying in and the vehicle information registered with the hotel.

26. Officers of the North Platte Police Department then walked out to the parking lot, found the vehicle that Charron had registered and then ran the plates of Charron's vehicle.[1]

27. Shortly thereafter, between 10:00 p.m. and 10:30 p.m. (long after Charron had "settled in" for the evening), Charron was startled by some loud pounding on the door of his room.

28. The pounding and knocking occurred despite the "Do Not Disturb" placard hanging on the door handle.

29. Officers of the North Platte Police Department demanded Charron open his hotel door and permit the officers to come into his room.

30. Officers of the North Platte Police Department further yelled through the door that they "knew" Charron was smoking marijuana in his hotel room because the hotel staff had called the North Platte Police Department and specifically indicated an odor of marijuana was coming from Charron's room.

31. Charron answered through the door that the police officers were wrong, however, Officers of the North Platte Police Department continued to yell though the door and demand entry.

---

[1] During a later conversation with Charron, Jon Berryman admitted the police officers from North Platte Police Department regularly come to the hotel and run the license plate number of the vehicles in the parking lot of the hotel.

32. Having no other choice, Charron opened his hotel door, and one of the police officers (John Does 1-5) shoved his foot into the door to prevent the door from closing.

33. Officers of the North Platte Police Department told Charron that Jon Berryman, the person at the front desk (an employee of Super 8), had called the police and indicated there was an odor of marijuana coming from Charron's hotel room.

34. When Charron retreated into his room to use the hotel telephone, one of Officers of the North Platte Police Department continued to prop open the hotel room door with his foot.

35. Charron told Officers of the North Platte Police Department that he didn't want him in his room and demanded he exit the hotel room.

36. The Officer of the North Platte Police Department said something similar to, "I have a right to contain the room and preserve the room and control the room."

37. Charron reiterated that he had a constitutional right to have the police officers not invade his privacy, to which one of the police officers (John Doe 1-5) joked that the "constitution didn't apply" to the hotel or guests.

38. Charron then told Officers of the North Platte Police Department to get a warrant if they wanted to search his room.

39. Eventually Officers of the North Platte Police Department left Charron, walked down to the front desk and asked Jon Berryman, a hotel employee, whether he wanted them to forcibly remove Charron from the room (e.g., kick him out of the hotel).

40. After finishing with Charron, Officers of the North Platte Police Department also pounded on the door of an adjacent room, roused a guest by the name of "Gary" and demanded to search his hotel room.

41. After finishing with "Gary", Officers of the North Platte Police Department also pounded on the doors of other rooms in the hallway and disturbed the peace and quiet of several hotel guests.

42. Charron was very disturbed by the treatment he received at the hotel. He had difficulty sleeping because of the anxiety caused by the entire incident.

43. Based upon investigation and belief, it has been learned that individual employees of the North Platte Police Department, individually and in their official capacity as police officers with the North Platte Police Department, routinely perform similar illegal searches and seizures in several hotels located in North Platte, Nebraska, and the illegal acts have gone on for several years.

44. Based upon investigation and belief, several other hotels are, and have been, conspiring with individual employees of the North Platte Police Department to violate the constitutional rights of hotel guests for several years.

## COUNT I

## 42 U.S.C. § 1983

45. Officers of the North Platte Police Department's entry into Charron's room and the rooms of other hotel guests was not based upon probable cause, reasonable suspicion or any other legal standard or exception to the Fourth Amendment.

46. Officers of the North Platte Police Department's conduct proximately caused a deprivation of rights, privileges and immunities secured to Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution.

47. Officers of the North Platte Police Department showed a reckless or callous indifference to Plaintiffs' federally protected rights.

48. Chief Swain of the North Platte Police Department is responsible for the actions of the Officers of the North Platte Police Department.

49. Under the indirect or direct supervision of Chief Swain, or under an official or unofficial policy created or managed by Chief Swain, Officers of the North Platte Police Department have been routinely violating the constitutional rights of hotel guests in North Platte, Nebraska.

50. Under the indirect or direct supervision of Chief Swain, or under an official or unofficial policy created or managed by Chief Swain, Officers of the North Platte Police Department violated the constitutional rights of the Plaintiff in North Platte, Nebraska.

51. Jon Berryman – as an employee of Super 8 and an agent of Chief Swain or Officers of the North Platte Police Department - called the North Platte Police without reasonable suspicion or probable cause that a crime was being committed.

52. Jon Berryman – as an employee of Super 8 and an agent of Chief Swain or Officers of the North Platte Police Department - directed law enforcement to an area of the hotel and reported illegal activity without reasonable suspicion or probable cause that a crime was being committed.

53. Jon Berryman – as an employee of Super 8 and an agent of Chief Swain or Officers of the North Platte Police Department - provided law enforcement with hotel registry information in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT II
## IMPLEMETING A POLICY IN WHICH EMPLOYEES GIVE PRIVATE INFORMATION TO LAW ENFORCEMENT

54. Jennifer Priest is the manager of Super 8 Hotel and responsible for the acts of the employees of Super 8, including Jon Berryman.

55. Under the indirect or direct supervision of Jennifer Priest, or under an official or unofficial policy created or managed by Jennifer Priest, Jon Berryman called law enforcement without reasonable suspicion or probable cause that a crime was being committed.

56. Under the indirect or direct supervision of Jennifer Priest, or under an official or unofficial policy created or managed by Jennifer Priest, Jon Berryman directed law enforcement to an area of the hotel and reported illegal activity without reasonable suspicion or probable cause that a crime was being committed.

57. Under the indirect or direct supervision of Jennifer Priest, or under an official or unofficial policy created or managed by Jennifer Priest, Jon Berryman provided law enforcement with hotel registry information in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT III

## PETERSON LODGING, INC., CORPORATE OWNER OF SUPER 8 HOTEL IN NORTH PLATTE, NEBRASKA FOR IMPLEMETING AN ILLEGAL OR UNCONSTITUTIONAL POLICY

58. Officers of the North Platte Police Department's entry into Charron's room and the rooms of other guests was not based upon probable cause, reasonable suspicion or any other legal standard or exception to the Fourth Amendment.

59. Peterson Lodging, Inc. is the corporate owner of Super 8 Hotel in North Platte, Nebraska and is responsible for the acts of the employees of Super 8, including Jon Berryman and Jennifer Priest.

60. Under the indirect or direct supervision of Peterson Lodging, Inc., or under an official or unofficial policy created or managed by Peterson Lodging, Inc., employees of Super 8 Hotel in North Platte, Nebraska called law enforcement without reasonable suspicion or probable cause that a crime was being committed.

61. Under the indirect or direct supervision of Peterson Lodging, Inc., or under an official or unofficial policy created or managed by Peterson Lodging, Inc., employees of Super 8 Hotel in North Platte, Nebraska directed law enforcement to an area of the hotel and reported illegal activity without reasonable suspicion or probable cause that a crime was being committed.

62. Under the indirect or direct supervision of Peterson Lodging, Inc., or under an official or unofficial policy created or managed by Peterson Lodging, Inc., employees of the Super 8 Hotel in North Platte, Nebraska provided Officers of the North Platte Police Department (and the North Platte Police Department generally) with hotel registry information in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT IV

## VIOLATION OF COMMERCE CLAUSE

63. The Defendants, individually and/or collectively, engaged in a series of illegal, unconstitutional and discriminatory actions against the Plaintiff, a resident of Minnesota, who was traveling across the United States and through the State of Nebraska.

64. The Plaintiff was engaged in interstate commerce while stopping in North Platte, Nebraska and engaging the commercial services of the Defendant's Hotel.

65. Plaintiff was injured by State actors (e.g., Defendant(s)) who acted in a manner which imposed a substantial burden on interstate commerce.

66. Defendant(s) is/are liable to Plaintiffs pursuant to 42 U.S.C. § 1983 for damages for violating the Commerce Clause of the United States Constitution, including, but not limited to, punitive damages, costs, attorney fees, actual damages and compensatory damages, injunctive and declaratory relief, and any other relief just and equitable.

## COUNT V

## NEBRASKA CONSUMER PROTECTION ACT

67. The Defendants, individually and collectively, engaged in unfair practices that were immoral, unethical, oppressive or unscrupulous.

68. The Plaintiff entered into a contract with the Defendant Hotel and the Defendant breached the contract and the manner of the breach was substantially aggravated.

69. Such conduct is a violation of the Nebraska Consumer Protection Act.

## DAMAGES

70. As a direct and proximate result of said violation of Plaintiff's constitutional and statutory rights as referenced above, Defendants, individually and/or collectively, are liable to the Plaintiff for actual damages, special damages, compensatory damages and any other damages.

## PUNITIVE DAMAGES (against Matuszczak, McColley and Charter)

71. Charron makes claim for punitive damages against Defendant(s) in an amount to be proven at trial for the willful and wanton acts of Swain, Matuszczak, McColley and Charter, to include violation of Charron's civil rights as alleged herein. The acts of Swain, Matuszczak, McColley and Charter were so gross and culpable in nature that they constitute reckless indifference and wanton disregard for the law. Swain, Matuszczak, McColley and Charter's actions should be punished and an example should be made so these actions and omissions are not repeated.

72. The instance of reckless and callous indifference to Charron's constitutional rights should be punished through the imposition of punitive damages as to make an example out of conduct that will not be tolerated.

## REQUEST FOR DECLARATORY RELIEF

73. Because Defendants, individually and collectively, have repeatedly violated the constitutional and civil rights of hotel guests in North Platte, Nebraska for years, Charron asks this Court to order that Defendants must immediately and permanently cease and desist the constitutional violations described herein.

74. The requested relief is tailored to remedy the specific harm shown (e.g., the unconstitutional violation of Fourth and Fourteenth Amendment Rights by demanding private guest registry information without cause).

75. There is a cognizable danger – more than a mere possibility – that Defendants, individually and collectively, will continue to violate the constitutional and civil rights of hotel guests in the immediate future.

76. There are no adequate remedies at law.

77. Plaintiff asks this Court to enter a judgement declaring Defendants, each of them, to immediately and permanently cease and desist seeking or demanding private guest information from employees of Super 8 Hotel and other hotels or motels in and around North Platte, Nebraska.

## ATTORNEY FEES

78. As a result of Defendants' actions, individually and collectively, Plaintiff has been required to retain the services of an attorney and is therefore entitled to a reasonable attorney fee pursuant to 42 U.S.C. § 1988 for those violations covered by the Civil Rights Act.

## JURY TRIAL DEMAND

79. Plaintiffs respectfully demand a trial by jury in Lincoln, Nebraska on all counts for which a jury trial is permitted under the law.

WHEREFORE, Plaintiff, Mark Charron requests judgment against the Defendants for the following relief:

A. That the Court enter judgment for the Plaintiff against the Defendants;

B. That the Defendants be required to pay Plaintiff compensatory damages;

C. That the Defendants be required to pay economic and non-economic damages including, but not limited to loss of liberty and mental anguish;

D. That the Defendants, individually, be required to pay punitive damages in an amount sufficient to punish and deter future conduct;

E. That the Defendants, individually, be required to pay reasonable attorney fees pursuant to 42 U.S.C. § 1988.

F. That the Plaintiff be awarded any other statutory damages;

G. Injunctive relief by declaring that the challenged practices be considered unlawful and that the Defendants must immediately and permanently cease and desist the violations described herein; and

H. That the Plaintiff receive any other such relief that this Honorable Court deems just and proper.

Respectfully submitted

/s/ Chad J. Wythers
Chad J. Wythers, #22383
Attorney for the Plaintiffs
Berry Law Firm
2650 N. 48
Lincoln, NE 68504
(402) 466-8444
chad@jsberrylaw.com